UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDY SARGEANT, et al.,<br><br>*Defendants.* | **Protective Order**<br><br>**19 Cr. 666 (KMK)** |

Upon the application of the United States of America, with the consent of the undersigned defendants and their respective counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

   (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

   (b) Prospective witnesses for purposes of defending this action.

6. When producing discovery, the Government will designate in writing any category of disclosure material that falls outside the coverage of this Order. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, from various computers, cell phones, and other devices and storage media.

9. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

3

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

14. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: White Plains, New York
February 17, 2021

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Christopher D. Brumwell            Date:  February 11, 2021
    Christopher D. Brumwell
    Assistant United States Attorney

_____            Date:  February 11, 2021
Daniel Hochheiser, Esq.
Counsel for Defendant Randy Sargeant

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell          Date: October 10, 2019
    Christopher D. Brumwell
    Assistant United States Attorney

_[signature]_                              Date: 11/13/19

LAWYER NAME, Esq.
Counsel for DEFENDANT William Brito

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell                     Date: October 10, 2019
    Christopher D. Brumwell
    Assistant United States Attorney

_____                     Date: 10-10-19
James A. Vita, Esq.
Counsel for Christopher Martinez

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell　　　　　Date:   October 10, 2019
　　　Christopher D. Brumwell
　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　Date:   10/4/2019

Theodore Green, Esq.
Counsel for Amanda Coppolla

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell            Date: October 10, 2019
    Christopher D. Brumwell
    Assistant United States Attorney

*[signature]*            Date: 12/11/19

LAWYER NAME, Esq.
Counsel for DEFENDANT

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell    Date:  October 10, 2019
Christopher D. Brumwell
Assistant United States Attorney


_____    Date:  2/24/20
Michael Sussman, Esq.
Counsel for Kelvin Ganpat

5

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Christopher D. Brumwell          Date: February 11, 2021
    Christopher D. Brumwell
    Assistant United States Attorney

    Howard Greenberg, Esq.             Date: 2-12-21
    Counsel for Defendant Bert Hickson

5

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: /s/ Christopher D. Brumwell                Date: February 11, 2021
    Christopher D. Brumwell
    Assistant United States Attorney

_____                Date: 2/11/21
Victor Urbaez, Esq.
Counsel for Defendant Jeancarlos Laureano

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell                    Date:   October 10, 2019
    Christopher D. Brumwell
    Assistant United States Attorney


/s/ Howard E Tanner                                Date: 12/10/19
LAWYER NAME, Esq.
Counsel for DEFENDANT

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Christopher D. Brumwell            Date: October 10, 2019
    Christopher D. Brumwell
    Assistant United States Attorney


    Sam A. Schmidt, Esq.                   Date: 10/18/19
    Counsel for Christine Morrison

5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _/s/ Christopher D. Brumwell_　　　　　　　　　Date:   October 10, 2019
　　　Christopher D. Brumwell
　　　Assistant United States Attorney

_Anthony Strazza_　12/11/19
　　　　　　　　　　　　　　　　Date:
LAWYER NAME, Esq.
Counsel for DEFENDANT

5